EMERY *versus* FOWLER.

Where the owners of two adjoining lots of land, agreed in writing to submit the determination of a disputed line between them to referees; and after such agreement, and before the decision of the referees, one of them sold and deeded his land to a third person having no notice of the agreement; an award afterwards made is not admissible in evidence in a suit, involving the same line, between one of the parties to the agreement, and the grantee of the other.

Although a deed describes precisely the quantity of land therein conveyed, yet, if it was made soon after the location of the tract, by the parties interested, by monuments, and was intended to conform thereto, it will embrace the *tract* described by the *monuments,* without regard to the *quantity* described in the deed.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J., presiding. TRESPASS. Plea general issue.

Both parties claimed the land where the alleged trespass was committed, and the question was as to the line between them.

The title on both sides was derived from John C. Freeze, who on July 2, 1832, conveyed to Stephen Nye, (under whom defendant claims,) the following tract: — " beginning at the southwest corner of said lot of land this day sold and conveyed to me by said Stephen and Heman Nye; thence across said lot to the Rolfe road, (so called,) on such a course as that a line extended across said lot to said road, and thence on said road northerly to a point in said road where it is intersected by the head line of said lot; and thence on the head line thereof to the place of beginning, shall contain *exactly one acre and a half.*"

Freeze conveyed to T. Boutelle, (under whom the plaintiff claims,) on the same day, a certain tract of land embracing in its description the land conveyed to Nye and a larger tract, in which was this reservation; " excepting and reserving from the lot hereby sold two small lots of land lying at the head of said lot, containing one acre and a half, as by reference to my deed of said two lots to Stephen Nye of even date will appear, reference thereto being had."

Boutelle conveyed to the plaintiff, April 25, 1835. Nye conveyed by quitclaim to one Benjamin F. Wing, February 14, 1837, and Wing conveyed to the defendant, April 24, 1847.

While the adjoining lands were owned by plaintiff and Wing a controversy arose about the line, and they agreed in writing to submit the determination of it to two referees. Before the time appointed for a hearing, Wing sold the land to the defendant, and it did not appear that he had any knowledge of the agreement of his grantor. The referees notified the parties to the submission and made an award.

This submission and award were offered in evidence by the plaintiff, but, being objected to by defendant, were excluded by the Court.

Evidence was offered by defendant tending to show that on the day the deeds were made by Freeze to Boutelle and Nye, a claim was made on Freeze for some improvements upon the lots by Nye and another; *that* that controversy was referred to two persons to determine it, who awarded that Freeze should convey to Nye one acre and one-half from the lot; *that* they located the land upon the earth by the consent of Freeze, Boutelle and Nye; *that* those referees put up stakes upon the line run by them; *that* the deed was written immediately after this location, and delivered; *that* Nye went into possession under the deed and so continued until he conveyed. There was other evidence in the case.

On this part of it, the jury were instructed, that they would look at all the evidence touching the location and conveyance of this parcel of land, and although the deed described only one acre and one-half, still if the grantor therein located the same by adopting and consenting to the line made by the referees, and the deed was made immediately after such location, the boundaries being assented to by the parties to the deed and said Boutelle, who took conveyance of the residue of the Freeze lot, if such was the fact, those boundaries and monuments were controlling,

notwithstanding it might be found afterwards that they embraced more or less, than the quantity specified.

The jury returned a verdict for defendant, and the plaintiff excepted to the instruction.

*J. S. Abbott,* for plaintiff.

*Evans* and *J. H. Webster,* for defendant.

APPLETON, J. — The plaintiff and defendant are owners of adjacent land, deriving title through various mesne conveyances from John C. Freeze. The question in controversy relates to the boundary line between their respective lots.

The plaintiff and Benj. F. Wing, under whom the defendant derives title, on June 9, 1846, entered into bonds to refer the dispute which had arisen in relation to the lines between their lots, to Samuel Taylor and Joseph Burgess, jr. and bound themselves, their executors and administrators, in the penal sum of one hundred dollars to abide by the decision of the arbitrators thus appointed. On the 24th of April, 1847, Wing conveyed the lot, the boundary line of which is in controversy, to the defendant. There is no evidence that the defendant, when he received his conveyance, had any notice of the agreement to refer, into which his grantor had entered. It is unnecessary to consider what would have been the effect of an award made before his title accrued. It is obvious, that he acquired the land discharged from all contracts, which his grantee had made, of which he had no notice, actual or constructive.

It seems, that on July 17, 1847, the referees, after notifying Wing and Emery, proceeded to adjudicate upon the matters in controversy and made their award. The hearing was *ex parte,* Wing not being present. The defendant had no notice of these proceedings, nor did he assent in any way to the doings of the referees. The award made under these circumstances, was offered by the plaintiff and rejected by the Court, and as we think, rightfully rejected. At the time of the hearing Wing had no title to the land, and could

not by his acts or omissions to act, affect the rights of his grantee. The award must be regarded as a transaction between other parties and having no binding force whatever upon the defendant.

John C. Freeze originally owned the lot embracing the land of the plaintiff and the defendant. The plaintiff derives his title by deed from him to Timothy Boutelle, dated July 2, 1832, and the defendant by deed from him to Stephen Nye of the same date. In the deed from Freeze to Boutelle, reference is made to the deed to Nye, and the tract conveyed to the latter is excepted from the operation of the deed to the former. Before these deeds were made, the lots to be conveyed were located upon the face of the earth, fixed monuments established by referees mutually agreed upon, and the parties to these several conveyances assented to and adopted such location.

Deeds were then executed by the parties intended to conform with the location thus made. The respective grantees entered under their deeds, built fences and occupied in conformity with the location of 1832, till 1847, when a dispute arose. It seems that more land is contained within the limits of the defendant's land, as originally located upon the face of the earth, than is specified in the deed. The Court in substance instructed the jury, that if they found the facts to be as above stated, " that these boundaries and monuments were controlling, notwithstanding it might be found afterwards that they embraced more or less than the quantity specified."

Whether monuments are erected upon the face of the earth by the mutual agreement of parties, and a deed is given intended to conform thereto, or whether they are subsequently erected by them with intent to conform to a deed already given, those monuments must control, notwithstanding they may embrace more or less land than is mentioned in the deed. The quantity of land is always deemed of secondary importance when compared with fixed and determined boundaries. The instructions given are in accordance

with the entire weight of authority, and the exceptions must be overruled. *Waterman* v. *Johnson*, 13 Pick. 261; *Kennebec Purchase* v. *Tiffany*, 1 Greenl. 219.

*Exceptions overruled.*

SHEPLEY, C. J., and RICE and CUTTING, J. J., concurred.